## IN THE COURT OF APPEALS OF IOWA

No. 17-0759
Filed December 20, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROBERT BLAYNE WILKINSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Robert E. Sosalla, Judge.

Robert Wilkinson appeals the revocation of his deferred judgment and the sentence imposed. **AFFIRMED.**

Cory J. Goldensoph, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Robert Wilkinson pled guilty to attempting to elude. The district court granted Wilkinson a deferred judgment and placed him on probation for three years. Approximately two months later, the State filed an application for adjudication of guilt and sentencing, as well as a report of violation for Wilkinson's probation. The initial report of violation and several subsequent addendums that were filed over the next several months alleged numerous probation violations on the part of Wilkinson, including: being cited for driving while barred; being arrested upon a second occurrence of driving while barred; admitting to using methamphetamine and subsequently providing a urine specimen that tested positive for the same; failing to attend appointments or make contact with his probation officer; and failing to maintain a suitable residence.

At a hearing on the State's application, in response to the district court's inquiry as to whether he wanted an evidentiary hearing, Wilkinson admitted he violated his probation by driving while barred on one occurrence, failing "to report for some random urine samples," and using methamphetamine. After being informed of the rights he was giving up by making any admissions, the court asked if the substance of the reports of violation and addendums were substantially correct. Wilkinson stated he would merely disagree with "some of the dates of . . . the scheduled appointments." His attorney then stated Wilkinson was admitting to driving while barred and using methamphetamine. The court concluded Wilkinson violated the terms of his probation. The court revoked Wilkinson's deferred judgment, adjudicated him guilty of attempting to elude,

imposed a suspended fine and term of incarceration, and placed him on probation for three years. As a condition of his probation, the court ordered Wilkinson to reside in a supervisory residential facility for one year or until maximum benefits are obtained, whichever occurrs first.

Wilkinson appeals. He contends the district court (1) improperly considered unproven conduct in deciding to revoke his deferred judgment and impose sentence and (2) abused its discretion by imposing an excessive sentence.

With regard to the revocation issue, a full opinion in this case would not augment or clarify existing case law, and we affirm the district court's decision without further opinion. *See* Iowa Ct. R. 21.26(1)(e); *see also State v. Kline*, No. 12-0366, 2013 WL 3291865, at *2 (Iowa Ct. App. June 26, 2013) (noting an admission of violation will satisfy the preponderance-of-the-evidence requirement for revocation and stating "[e]ven the defendant's silence in response to a direct question can be considered as supporting a probation revocation").

Regarding Wilkinson's excessive-sentence argument, he had been previously granted a deferred judgment and placed on probation for a felony eluding charge. Although he disagreed with the exact dates of his subsequent probation violations, he admitted to violating his probation in numerous respects, including committing another serious traffic offense and using methamphetamine. Under these circumstances, we conclude the district court did not abuse its discretion in selecting the sentence imposed, nor do we conclude the sentence was excessive.

We affirm the district court's revocation of Wilkinson's deferred judgment and its sentencing decision in its entirety.

**AFFIRMED.**